UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| BARKER'S PHARMACY AND DANIEL PHARMACY | CIVIL ACTION |
| VERSUS | NO. 14-591-SDD-RLB |
| PRIME THERAPEUTICS | |

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on March 20, 2015.

                                                              _____
                                                              RICHARD L. BOURGEOIS, JR.
                                                              UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| BARKER'S PHARMACY AND DANIEL PHARMACY | CIVIL ACTION |
| VERSUS | NO. 14-591-SDD-RLB |
| PRIME THERAPEUTICS | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the court is Plaintiffs' Motion to Remand. (R. Doc. 10). The motion is opposed. (R. Doc. 11). Plaintiffs have filed a Reply. (R. Doc. 14). Plaintiffs submitted additional argument in the context of seeking leave to file a Notice of Supplemental Authority. (R. Doc. 15). The sole issue is whether the amount in controversy requirement has been satisfied.

**I.  BACKGROUND**

Barker's Pharmacy and Daniel Pharmacy ("Plaintiffs"), two independent pharmacies operating in Louisiana, originally filed this lawsuit against Prime Therapeutics ("Defendant"), a pharmacy benefits manager ("PBM"), in the 18th Judicial District Court, Iberville Parish, Louisiana. (R. Doc. 1-2). Plaintiffs allege that Defendant has violated Louisiana Revised Statute 46:2625 and 22:1865, respectively, by failing to reimburse a $.10 provider fee and by failing to note payment of the $.10 provider fee on the required remittance advices. (R. Doc. 1-2 at 8). In light of these alleged violations, Plaintiffs seek declaratory relief providing that ERISA does not preempt Louisiana Revised Statute 46:2625 and 22:1865, and that Louisiana Revised Statute 22:1865 requires segregation and separate listing of the remittance advice. (R. Doc. 1-2 at 10). Plaintiffs also seek to recover reimbursement of unpaid prescription fees, lost profits, increased

expenses, lost productivity, judicial interest, attorney's fees, and any other damages allowed by law or equity. (R. Doc. 1-2 at 8, 10).

On September 18, 2014, Defendant removed this action asserting that the court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a). (R. Doc. 1). Defendant filed an Amended Notice of Removal the next day. (R. Doc. 2). Defendant alleges that there is complete diversity as Plaintiffs are citizens of Louisiana and Defendant is a citizen of Minnesota, Delaware, Wyoming, North Dakota, Kansas, Illinois, Florida, Alabama, and North Carolina. (R. Doc. 2 at 2-5). Defendant also asserts that the amount in controversy requirement is satisfied based upon the estimated $586,017.80 it would cost Defendant to prospectively remit to every pharmacy in Louisiana the $.10 per prescription fee; approximately $339,600.00 to segregate and list the $.10 per prescription fee on each remittance advice; and an additional $145,000.00 to increase the number of its auditors. (R. Doc. 2 at 6-7). Defendant provides with its Notice of Removal a "verification" by its in-house counsel confirming the calculated costs of compliance based on state-wide compliance with the statutes. (R. Doc. 1-4).

On October 17, 2014, Plaintiffs filed the instant Motion to Remand arguing that the amount in controversy requirement has not been satisfied.

## II. ARGUMENTS OF THE PARTIES

Plaintiffs argue that in an action seeking declaratory relief, the amount in controversy should be determined from the value of the benefit to the plaintiff as opposed to the defendant's cost of compliance. To this end, Plaintiffs argue that the Fifth Circuit requires the court to employ the "plaintiff-viewpoint" rule, which considers the amount in controversy solely from the perspective of the plaintiff, to calculate the value of the instant action. (R. Doc. 10-1 at 4-6). Furthermore, Plaintiffs argue that Defendant improperly seeks to aggregate the Plaintiffs'

2

individual claims to reach the jurisdictional amount. (R. Doc. 10-1 at 6-8). In short, Plaintiffs assert that Defendant has not met its burden of establishing the amount in controversy from an individual Plaintiffs' perspective and, therefore, remand is warranted. (R. Doc. 10-1 at 8-10).

In opposition, Defendant characterizes the Petition as seeking a pure declaration of law, which Defendant argues makes its cost of compliance relevant in determining the amount in controversy. (R. Doc. 11 at 5-11). Defendant urges the court to employ the "either-viewpoint" rule, which allows the court to measure the amount in controversy from either the benefit to the plaintiff or the defendant's cost of compliance, to find that the jurisdictional amount is satisfied. (R. Doc. 11 at 8). Defendant further argues that Plaintiffs have failed to include the measure of all damages and relief they seek in the Petition in their determination that the jurisdictional amount is satisfied. (R. Doc. 11 at 11-13). Defendant also asserts that it has not aggregated claims to reach the jurisdictional amount. (R. Doc. 11 at 13-15). As an alternative form of relief, Defendant requests the opportunity to conduct jurisdictional discovery with regard to the amount in controversy. (R. Doc. 11 at 15).

In reply, Plaintiffs argue that Defendant ignores controlling Fifth Circuit law providing that the plaintiff-viewpoint rule governs declaratory actions. (R. Doc. 14).

## III. LAW & ANALYSIS

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the

complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed"). Remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

If removal is sought on the basis of diversity jurisdiction, then "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). If, however, the Petition seeks "nonmonetary relief" or "State practice . . . does not permit demand for a specific sum" removal is proper "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28 U.S.C. § 1446(c)(2)(A)-(B). In Louisiana state court, plaintiffs are generally prohibited from alleging a specific monetary amount of damages sought in their petitions. La. Code Civ. P. art. 893(A)(1). This prohibition on alleging a specific amount of damages, however, "is not applicable to suit on a conventional obligation, promissory note, open account, or other negotiable instrument . . ." La. Code Civ. P. art. 893(B).

The burden of proof is on the removing defendant to establish that the amount in controversy has been satisfied. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). The defendant may make this showing either (1) "by demonstrating that it is 'facially apparent' that the claims are likely above $75,000, or (2) 'by setting forth the facts in controversy— preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount.'" *Id.* (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)). If the defendant can produce evidence sufficient to show by a preponderance that the

4

amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed $75,000. *See*, *e.g.*, *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

"In actions seeking declaratory or injunctive relief the amount in controversy is measured by the value of the object of the litigation." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983).[1] When determining which perspective the amount in controversy is calculated, the Fifth Circuit applies this plaintiff-viewpoint rule, which measures the benefit of the action to the plaintiff. *See Garcia v. Koch Oil Company of Texas Inc.*, 351 F.3d 636, 639-40 and n.4 (5th Cir. 2003) (applying plaintiff-viewpoint rule in action for declaratory relief and declining to apply either-viewpoint rule); *Alfonso v. Hillsborough County Aviation Auth.*, 308 F.2d 724, 727 (5th Cir. 1962) (refusing to consider the potential loss to defendants because "[t]he value to the plaintiff of the right to be enforced or protected determines the amount in controversy"); *Vraney v. County of Pinellas*, 250 F.2d 617, 618 (5th Cir. 1958) ("[T]he value of the plaintiff's right sought to be enforced must exceed the jurisdictional amount in order to confer federal jurisdiction."). Courts within the Fifth Circuit have consistently applied the plaintiff-viewpoint rule to actions for equitable relief. *See*, *e.g.*, *L & B Transp., L.L.C. v. Busby*, No. 06-0310, 2006 WL 6116127, at *2 (M.D. La. July 7, 2006); *Sundown Energy, LP v. Haller*, No. 10-4354, 2011

---

[1] The *Leininger* decision further states that "the amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." *Leininger*, 705 F.2d at 729. Defendant relies on this language to support of its position that the Fifth Circuit recognizes the either-party rule. (R. Doc. 11 at 6, 10). In *Leininger*, the plaintiff brought an action in state court to nullify and enjoin his ex-wife from enforcing a $105,000 alimony judgment from another forum. *Id*. Because the "value of the object of the litigation" was the same when measured by either the plaintiff's or defendant's perspective, this decision does not deviate from the plaintiff-viewpoint rule. *See*, *e.g.*, *Webb v. Investacorp, Inc.*, 89 F.3d 252, 257 n. 1 (5th Cir. 1996) (stating that because value of the defendant's claim in the underlying arbitration was the same from either parties' perspective, valuing the amount in controversy on that amount did not violate plaintiff-viewpoint rule).

WL 4947778, at *2 (E.D. La. Oct. 18, 2011); *A-Best Sewer & Drain Serv., Inc. v. A Corp*, No. 05-253, 2005 WL 1038419, at *2 (E.D. La. Apr. 22, 2005); *Puckett Machinery Company, Inc. v. United Rentals, Inc.,* 342 F.Supp.2d 610, 614-15 (S.D. Miss. 2004).[2]

Moreover, the Western District of Louisiana has recently considered essentially identical actions brought by an independent pharmacy against PBMs for monetary damages and declaratory relief related to the same $.10 per prescription provider fee and reporting requirements at issue in this action. *See Kirby's Family Inc. v. Prime Therapeutics LLC*, No. 14-2690 (W.D. La. Mar. 5, 2015), *adopting report and recommendation*, (W.D. La. Feb. 9, 2015); *Kirby's Family Inc. v. Catamaran PBM of Illinois, Inc.*, No. 14-2691 (W.D. La. Mar. 5, 2015), *adopting report and recommendation*, (W.D. La. Feb. 9, 2015). In both of these decisions, the court applied the plaintiff-viewpoint rule in light of *Garcia*, concluded that the amount in controversy should not be measured by the defendants' cost of compliance with the relevant statutes, and remanded the actions. *Id*.

Despite the foregoing authorities, Defendant advocates the application of the either-viewpoint rule, which would allow the court to consider Defendant's cost of compliance for the purpose of determining the amount in controversy. In support of this position, Defendant argues that the Fifth Circuit has signaled the acceptance of the either-viewpoint rule in the decision *Duderwicz v. Sweetwater Savings Association*, 595 F.2d 1008 (5th Cir. 1979). The Fifth Circuit rejected this argument over ten years ago. *See Garcia*, 351 F.3d 640 and n.4; *see also Ericsson GE Mobile Comm. Inc v. Motorola Comm. & Elecs., Inc.*, 120 F.3d 216, 220 (11th Cir. 1997) (holding that *Duderwicz* did not result in an abandonment of the plaintiff-viewpoint rule in the

---

[2] Defendant's reliance on *Griffith v. Enochs*, 43 F. Supp. 352, 355 (W.D. La. 1942), which appears to apply the either-viewpoint rule, is unfounded as it precedes the Fifth Circuit's decisions in *Garcia*, *Alfonso,* and *Vraney*, which clarify that the Fifth Circuit applies the plaintiff-viewpoint rule.

Fifth Circuit). Accordingly, Defendant's reliance on *Duderwicz* as support for application of the either-viewpoint rule is unfounded.[3]

Defendant further argues that this court has adopted the either-viewpoint rule in at least two decisions—*Diez Oil Co. v. Mobil Oil Corp.*, No. 08-316, 2009 WL 411572 (M.D. La. Feb. 17, 2009) and *Hale v. Billups of Gonzales, Inc.*, 610 F. Supp. 162 (M.D. La. 1985). (R. Doc. 1 at 6-7; R. Doc. 11 at 6, 9-10). Defendant's reliance on those decisions is misplaced. In *Diez Oil*, the plaintiff sought a declaration that the defendant should bear the expense of complying with an order to close certain underground storage tanks. The court concluded that the "value of the declaratory relief sought by the plaintiff" was equal to the "payment of the cost of compliance" by the defendant. *Id*. at *2. The *Diez Oil* decision merely highlights that the amount in controversy in an action for equitable relief may well be the same when measured by either the plaintiff's or the defendant's perspective.[4]

Similarly, Defendant wrongly argues that the *Hale* decision stands for the proposition that "this court has held that when determining the value of the right to be protected in a suit for

---

[3] Defendant also references two decisions by the U.S. Supreme Court. Defendant argues that *Smith v. Adam*, 130 U.S. 167 (1889), supports the application of the either-viewpoint rule, but Defendant falls short of arguing that the *Smith* decision mandates application of the either-viewpoint rule. (R. Doc. 11 at 6). In *Smith*, the Court stated that "[i]t is conceded that the pecuniary value of the matter in dispute may be determined, not only by the money judgment prayed, where such is the case, but in some cases by the increased or diminished value of the property directly affected by the relief prayed, or by the pecuniary result to one of the parties immediately from the judgment." *Smith*, 130 U.S at 175. Prior to the *Garcia* decision, this court stated that the either-viewpoint rule was supported (though not compelled) by the *Smith* decision. *See State of La., ex rel. Guste v. Fedders Corp.*, 539 F. Supp. 582, 584 (M.D. La. 1982). As the primary decisions in the Fifth Circuit announcing the plaintiff-viewpoint rule—*Garcia*, *Alfonso*, and *Vraney*—were decided well after the *Smith* decision, the court will apply controlling Fifth Circuit law requiring the application of the plaintiff-viewpoint rule. Defendant also argues that *Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977), stands for the proposition that compliance costs are properly considered when determining the amount in controversy. (R. Doc. 11 at 7). The plaintiffs in *Hunt* sought a declaration that a state statute was unconstitutional and the Court looked to the *plaintiffs'* cost of compliance with the statute to determine whether the amount in controversy requirement was satisfied. *See Hunt*, 432 U.S. at 347-48. Accordingly, the Court considered compliance costs from the plaintiff's perspective, which is consistent with the plaintiff-viewpoint rule.

[4] *See supra*, footnote 1.

declaratory relief, the court must consider more than the damages available to the plaintiffs." (R. Doc. 11 at 2). The *Hale* decision only mentions a "plaintiff viewpoint rule" in the context of the plaintiff's argument that the plaintiff's failure to allege an amount that meets the jurisdictional requirement in its initial pleading should control whether the jurisdictional amount is satisfied upon removal. *See Hale*, 610 F. Supp. at 162 n. 6 (citing *St. Paul Mercury Indemnity Co. v. Red. Cab. Co.*, 303 U.S. 283 (1938)). The *Hale* decision concluded that this rule does not apply where the plaintiff seeks nonmonetary relief.[5] The court then looked to the "value of the right to be protected," as is appropriate in declaratory judgment actions, concluding that in the lease dispute before it, the aggregate amount of rent due was the correct measure of damages. As this measure of damages was the same for both the plaintiff and defendant, this decision does not violate the plaintiff-viewpoint rule discussed in *Garcia*, *Alfonso*, and *Vraney*.[6]

Defendant asks this court to distinguish *Garcia* on the ground that this action deals only "with a pure declaration of law." (R. Doc. 11 at 10). That position is unfounded. Plaintiffs are seeking monetary relief in this action in addition to declaratory relief. Furthermore, Plaintiff provides no governing precedent requiring the court to apply the either-viewpoint rule where, should declaratory relief be granted, the costs of compliance on the Defendant may be disproportionately large compared to the benefits to the Plaintiff. From the plaintiffs' viewpoint in this action, the value is not measured by defendant's cost of compliance, but instead by the potential benefits (or corresponding detriment) to Plaintiffs.

---

[5] This rule is now codified in the removal statute. *See* 28 U.S.C. § 1446)(c)(2) ("If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that--(A) the notice of removal may assert the amount in controversy if the initial pleading seeks--(i) nonmonetary relief; or (ii) a monetary judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded.").

[6] *See supra*, footnote 1.

Having determined that the plaintiff-viewpoint rule applies, the court now turns to determining the "value of the object of the litigation." The amount in controversy is not facially apparent. Plaintiffs seek to recover reimbursement of unpaid prescription fees, lost profits, increased expenses, lost productivity, judicial interest, attorney's fees, and any other damages allowed by law or equity. (R. Doc. 1-2 at 8, 10). The Petition provides insufficient context, however, for calculating the amount sought in reimbursement regarding the allegedly unpaid $.10 per prescription fees, as well as Plaintiffs' claims for other damages. The court must therefore determine whether Defendant has submitted sufficient facts in controversy to establish that the jurisdictional amount is met from the Plaintiffs' perspective.

Defendant has not met its burden. In its Notice of Removal, Defendant submits that the total amount of reimbursement sought by both Plaintiffs should be estimated to be $1,321.70. (R. Doc. 1 at 6). Defendant does not provide separate estimates for each individual Plaintiff, and therefore has aggregated their claims in its estimate. The remainder of Defendant's assertions regarding the amount in controversy goes to calculating Defendant's cost of compliance. Defendant sets forth no facts in controversy suggesting that the damages sought in recovery in addition to reimbursement would exceed the amount in controversy requirement. Based on the Petition and Defendant's estimate of the amount sought in reimbursement by both Plaintiffs, Defendant has failed to establish that the amount in controversy exceeds the jurisdictional requirement.

IV.     **CONCLUSION**

Based on the foregoing, Defendant has not met its burden of proving by a preponderance of the evidence that the jurisdictional requirement has been satisfied.

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that the Plaintiffs' Motion to Remand (R. Doc. 10) should be **GRANTED** and the action should be **REMANDED** to the 18th Judicial District Court, Iberville Parish, Louisiana.

Signed in Baton Rouge, Louisiana, on March 20, 2015.

_____
**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**